IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ABEL RESTO ROSADO,

Defendant.

CRIMINAL NO. 07-514 (ADC)

## REPORT AND RECOMMENDATION

Defendant Abel Resto Rosado was charged in a One Count (1) Indictment and has agreed to plead guilty to the only count of the Indictment under a straight plea. Count One charges that, on or about May 2007, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, knowingly and willfully infringed the copyright of copyrighted works, to wit, motion pictures and music compact disks, for the purpose of commercial advantage or private financial gain, by distributing during a one hundred eighty (180) day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than twenty five hundred dollars ($2,500), that is, the defendant herein infringed the copyright of numerous motion pictures and music compact disks, by distributing numerous copies of such motion pictures and music compact disks for a total retail value of more than ten thousand dollars ($10,000), a violation of Title 17, United States Code, Section 506(a)(1) and Title 18, United States Code, Section 2319(b)(1).  As part of the illegal reproduction and distribution of copyrighted works, the defendant sold the illegal copies of copyrighted motion pictures and music compact disks at the Hatillo Flea Market. All in violation

<u>United States v. Abel Resto Rosado</u>
Criminal No. 07-514(ADC)
Report and Recommendation
Page No. 2

of Title 17, <u>United States Code</u>, Section 506(a)(1) and Title 18, <u>United States Code</u>, Section 2319(b)(1).

Defendant appeared before this Magistrate Judge on May 7, 2008, since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Right to Trial which he signed and agreed upon voluntarily after examination in open court, under oath.[1]

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court. Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Attorney Max J. Pérez-Bouret, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and charges therein, his constitutional rights and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Misdemeanor Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.), Waiver of Trial, and Waiver of Thirty Days to Prepare for Trial signed and consented by both parties is made part of the record.

<u>United States v. Abel Resto Rosado</u>
Criminal No. 07-514(ADC)
Report and Recommendation
Page No. 3

      Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

      As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Max J. Pérez-Bouret, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

United States v. Abel Resto Rosado
Criminal No. 07-514(ADC)
Report and Recommendation
Page No. 4

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty. The penalty for the offense as to Count One, as charged, is a term of imprisonment of not more than five (5) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), a supervised release term of three (3) years and a mandatory penalty assessment of one hundred dollars ($100.00), per count.

Insofar as Count One as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

Defendant understands the Forfeiture allegations, which had been discussed with his counsel, and stated he agreed to the same.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them.  Defendant was able to understand the explanation and agreed with the government's submission.

<u>United States v. Abel Resto Rosado</u>
Criminal No. 07-514(ADC)
Report and Recommendation
Page No. 5

Having once more ascertained that defendant indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.

Defendant was read in open court and shown the Indictment, indicating he availed himself of the opportunity to further discuss same with his attorney and he positively stated that what was contained in Count One of the Indictment was what he had done and to which he was pleading guilty during these proceedings. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 07-514 (ADC).

This Magistrate Judge after having explained to defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty under a straight plea, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 07-514 (ADC).

Case 3:07-cr-00514-ADC   Document 21   Filed 05/08/08   Page 6 of 6

<u>United States v. Abel Resto Rosado</u>
Criminal No. 07-514(ADC)
Report and Recommendation
Page No. 6

## IT IS SO RECOMMENDED.

The sentence will be scheduled promptly before Honorable Aida Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 7th day of May of 2008.

                                     s/ CAMILLE L. VELEZ-RIVE
                                     CAMILLE L. VELEZ-RIVE
                                     UNITED STATES MAGISTRATE JUDGE